# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr., | No. CV-16-01427-PHX-DGC (BSB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

Petitioner Frederick Angus Miller, Jr. has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 8.) In their answer, Respondents assert that the Amended Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 13.) Alternatively, Respondents argue that federal habeas corpus review of Petitioner's claims is procedurally barred. Petitioner has filed a reply in support of his Petition. (Doc. 16.) For the reasons below, the Court finds the Petition untimely, recommends that the Petition be dismissed, and does not consider Respondents' alternative arguments.

## I.   Factual and Procedural Background

### A.   Charges, Trial, and Sentence

On January 26, 2010, Petitioner was charged in the Maricopa County Superior Court on the following charges: (1) kidnapping, a class two felony (Count One); (2) aggravated assault, a class six felony (Count Two); (3) seven counts of sexual assault,

class two felonies (Counts Three through Nine); and (4) robbery, a class four felony (Count Ten). (Doc. 13, Ex. B.) After a jury trial, Petitioner was found guilty of all counts. (*Id.*) On April 13, 2011, the trial court sentenced Petitioner to a total of 87.25 years' imprisonment. (*Id.*)

### B. Direct Appeal

Petitioner timely appealed to the Arizona Court of Appeals. (Doc. 13, Ex. A.) Appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). (*Id.*) Petitioner filed a supplemental brief. (*Id.*) On February 14, 2012, the appellate court affirmed Petitioner's convictions and sentences. (*Id.*) Petitioner filed a motion for reconsideration, which the appellate court denied on March 7, 2012. (Doc. 1-1 at 6.) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 13, Ex. C.)

### C. Post-Conviction Review

#### 1. First Post-Conviction Proceeding

On April 12, 2012, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 13, Ex. D.) The trial court appointed counsel from the public defender's office. (Doc. 13, Ex. E.) Counsel notified the court that, after review of the record, she could not find any colorable claims to raise in a petition. (Doc. 13, Ex. B.) Petitioner subsequently filed a pro se petition asserting claims of ineffective assistance of trial and appellate counsel. (Doc. 13, Ex. F.) On April 30, 2013, the trial court denied relief. (Doc. 13, Ex. B.) Petitioner did not seek appellate review of the trial court's ruling.

#### 2. Second Post-Conviction Proceeding

On January 23, 2015, Petitioner filed a second notice of post-conviction relief. (Doc. 13, Ex. G.) On March 4, 2015, the trial court dismissed the notice as untimely.[1]

---

[1] In his Reply, Petitioner states that this notice of post-conviction relief was timely. (Doc. 16 at 3.) The record does not support his assertion because the trial court stated that the notice filed on January 23, 2015 was "untimely." (Doc. 13, Ex. H at 1.) It appears that the trial court may have mistakenly referred to the notice as Petitioner's third notice of post-conviction relief, rather than his second. (Doc. 13 at 4 n.3.) However, that mistake did not alter the timeliness analysis.

- 2 -

(Doc. 13, Ex. H.)  Petitioner filed a petition for review in the Arizona Court of Appeals, which the court dismissed as untimely on May 18, 2015.  (Doc.13, Ex. I.)

### D. Federal Habeas Corpus Proceeding

On May 9, 2016, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.[2] (Doc. 1.)  On June 16, 2016, the Court dismissed the Petition with leave to amend because Petitioner had not identified a respondent.  (Doc. 7.)  On June 27, 2016, Petitioner filed an Amended Petition.[3]  (Doc. 8.)  Petitioner raises the following grounds for relief:  (1) Petitioner's Fifth and Fourteenth Amendment due process rights were violated when the trial judge allowed certain "prejudicial information to be presented" and violated her "oath of office" (Ground One); (2) Post-conviction counsel was ineffective in violation of the Sixth Amendment (Ground Two); (3) trial counsel was ineffective in violation of the Sixth Amendment (Ground Three); and (4) Petitioner's Sixth and Fourteenth Amendment rights were violated because Petitioner received ineffective assistance of post-conviction counsel and was denied due process.[4]  (Doc. 8 at 6-9.)  Respondents argue that the Amended Petition is untimely.

## II. Statute of Limitations

### A. Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[5]  Therefore, to assess the timeliness of the Amended Petition,

---

[2] That Petition was signed, dated, and filed on May 9, 2016.  (Doc. 1 at 1, 23.)

[3] The Amended Petition was signed, dated, and filed on June 27, 2016.  (Doc. 8 at 1, 11.)

[4] In Grounds One and Two, Petitioner also asserts that his rights under the Arizona Constitution were violated.  (Doc. 1 at 6-7.) The Court previously stated that it would not consider that portion of Petitioner's claims. (Doc. 9 at 2 n.1 (citing 28 U.S.C. § 2254(a).)

[5] The statute of limitations commences on the latest of the dates determined by

the Court determines the date on which Petitioner's conviction became "final by the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).

After his trial and sentencing, Petitioner pursued direct review in the Arizona Court of Appeals.  (Doc. 13, Ex. A.)  On February 14, 2012, the appellate court affirmed Petitioner's convictions and sentences.  (*Id.*)  Petitioner filed a motion for reconsideration, which the appellate court denied on March 7, 2012.[6]  (Doc. 1-1 at 6.)  Petitioner did not seek review in the Arizona Supreme Court.  (*Id.*)  Accordingly, his conviction became final twenty days later, on March 27, 2012, upon the expiration of time for seeking review in the Arizona Supreme Court.  *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 656 (2012) (for a state prisoner who does not seek review in the State's highest court, the judgment becomes "final" on the date the time for seeking such review expires); *Hemmerle v. Schriro*, 495 F.3d 1609, 1073-74 (9th Cir. 2007) (in Arizona, a direct appeal is final upon the expiration of the time for seeking review of the court of appeals' decision in the Arizona Supreme Court, rather than upon the issuance of the mandate); Ariz. R. Crim. P. 31.19(a) (an Arizona litigant must file a petition for review by the Arizona Supreme Court within fifteen days of the appellate court's final disposition of a motion for reconsideration); Ariz. R. Crim. P. 1.3 (allowing an additional five days).  Therefore, the one-year limitations period commenced on March 28, 2012,

---

applying §§ 2244(d)(1)(A) through (D).  *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D).  Petitioner asserts that his claims are based on "newly discovered evidence."  (Doc. 8 at 6-9.)  Therefore, the Petition could be construed as asserting that § 2244(d)(1)(D) applies and that the statute of limitations commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner, however, states that the "evidence was there during trial," but he did not discover it until after trial when he read the transcripts.  (Doc. 8 at 6-9.)  Because Petitioner states that the "evidence" underlying his claims was available at the time of trial, through the exercise of due diligence, Petitioner could have discovered the basis of his claims at or near the time of trial.  Additionally, Petitioner does not identify the date on which he read the transcripts that he alleges alerted him to his claims.  The Court, therefore, concludes that § 2244(d)(1)(D) does not supply the starting date for the statute of limitations.

[6] Respondents did not account for the motion for reconsideration in their analysis of the statute of limitations.  (Doc. 13 at 5.)

- 4 -

and expired one year later, unless tolling applies. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

### B.     Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

Here, the statute of limitations started running on March 28, 2012. It ran for fifteen days until Petitioner filed a notice of post-conviction relief on April 12, 2012. (Doc. 13, Ex. D); *see Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) (in Arizona, statutory tolling begins when a Rule 32 notice of post-conviction relief is properly filed). On April 30, 2013, the trial court dismissed that post-conviction proceeding. (Doc. 13, Ex. B.) From the record before the Court, it does not appear that Petitioner sought review of that decision. (Doc. 8 at 4.)

Rather, almost two years later, on January 23, 2015, Petitioner filed a second notice of post-conviction relief. (Doc. 13, Ex. G.) On March 4, 2015, the court dismissed that notice as untimely. (Doc. 13, Ex. H.) Petitioner filed a motion for rehearing, which the trial court denied on April 1, 2015. (Doc.13, Ex. I.) On May 11, 2015, Petitioner filed a petition for review in the Arizona Court of Appeals, which the court denied as untimely on May 18, 2015.[7] (*Id.*)

---

[7] In their analysis of the statute of limitations, Respondents discuss the two post-conviction proceedings together and state that the limitations period was tolled until May 5, 2015, thirty-five days after the trial court denied Petitioner's motion for rehearing on his "PCR petition on April 1, 2015." (Doc. 13 at 6.) The Court disagrees with Respondents' analysis of the statute of limitations period, which conflates the two post-conviction proceedings and does not consider the effect of the untimely notice of post-conviction relief that was filed in the second post-conviction action. However, under

Because the second notice of post-conviction relief was untimely, it did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating that "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."). "Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled." *Bonner v. Carey*, 425 F.3d 1145 (9th Cir. 2005).

Therefore, at the latest, Petitioner's post-conviction proceeding was pending in state court until June 4, 2013, upon the expiration of the time for Petitioner to seek review of the denial of his first post-conviction proceeding in the appellate court (thirty-five days after the trial court dismissed the first post-conviction proceeding on April 30, 2013). *See* Ariz. R. Crim. P. 32.9 (providing that a petition for review must be filed within thirty days after the trial court's decision on a petition for post-conviction relief); Ariz. R. Crim. P. 1.9 (allowing an additional five days); *see also Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (stating that a petition for post-conviction relief is "pending as long as the ordinary state collateral review process is 'in continuance' — i.e., 'until the completion of' that process. In other words, until the [petition] has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"). Therefore, the statute of limitations was tolled until June 4, 2013 and began running again on June 5, 2013. The statute of limitations, which had already run for fifteen days, expired 350 days later on May 21, 2014. Therefore, assuming this habeas corpus proceeding is deemed filed in this Court on the date Petitioner filed his original petition, May 9, 2016, it is untimely.[8]

---

either the Court's analysis or Respondents' more generous analysis, the Amended Petition is untimely.

[8] Respondents argue that the claims in the Amended Petition do not relate back to the original petition and therefore, this § 2254 proceeding should be considered filed on June 27, 2016. (Doc. 13 at 7.) Because the Amended Petition is untimely whether it is considered filed on May 9, 2016 or June 27, 2016, the Court does not reach the relation-back issue. *See Mayle v. Felix*, 545 U.S. 644, 665 (2005) (explaining that the relation-back principle in Rule 15(c) of the Federal Rules of Civil Procedure applies to the in relation to the AEDPA's one-year limitations period and that new claims relate back to "timely" claims only when such claims are tied to a common core of operative facts).

- 6 -

### C. Equitable Tolling or Exception to the Limitations Period

Because Petitioner filed this habeas corpus proceeding after the statute of limitations expired, it is not subject to federal habeas corpus review unless Petitioner establishes a basis for equitably tolling or avoiding the limitations period.

#### 1. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

Liberally construing Petitioner's reply, he argues that the actions of counsel during his second post-conviction proceeding in 2015 excuse his untimely filing in this Court. (Doc. 16 at 2-3.) To the extent that Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, __ U.S.__, 132 S. Ct 1309 (2012), applies and delays or tolls the AEDPA limitations period, his argument fails. In *Martinez,* the Court held that, under limited circumstances, ineffective post-conviction counsel could constitute cause to excuse the procedural default of a claim of ineffective assistance of counsel. 132 S. Ct. at 1315; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-95 (9th Cir. 2013) (extending the holding in *Martinez* to claims of ineffective assistance of appellate counsel). *Martinez* does not address the timeliness of a habeas petition or the tolling of the AEDPA limitations period. *See Wheelwright v. Wofford*, 2014 WL 3851155, at *3 (E.D. Cal. Aug. 5, 2014) ("Although the rule in *Martinez* is an equitable one, it applied only to procedural default issues and does not apply to equitable tolling principles

pertinent to the AEDPA limitations issue."); *see also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations); *Moreno v. Ryan*, 2014 WL 24151, at *1 (D. Ariz. Jan. 2, 2014) (rejecting the petitioner's claim that *Martinez* delayed the start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C) and finding that "*Martinez* has no applicability to this action as it does not concern the timeliness of a habeas petition."). Therefore, the alleged ineffective assistance of counsel during Petitioner's second post-conviction proceeding does not justify equitably tolling the limitations period.[9]

Additionally, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's pro se status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances).

### 2. Actual Innocence Exception

Liberally construing the Amended Petition, to avoid the statute of limitations, Petitioner argues that he is actually innocent because third-party evidence and forensic testing would reveal an alternate perpetrator. (Doc. 8 at 12.) As set forth below, Petitioner has not established a claim of actual innocence that constitutes an equitable exception to the one-year statute of limitations.

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, (2013), the United States Supreme Court recognized an exception to the AEDPA statute of limitations for a claim of actual innocence. The Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *McQuiggin*, 133 S. Ct. at

---

[9] Additionally, as previously stated, the AEDPA statute of limitations expired in May 2014. Therefore, post-conviction counsel's alleged conduct after that date could not toll the already expired limitations period.

- 8 -

1928 (citing *Schlup*, 513 U.S. at 937-38.)  The rule announced in *McQuiggin* does not provide for an extension of the time statutorily prescribed, but instead is an equitable exception to § 2244(d)(1).  *McQuiggin*, 133 S. Ct. at 1931.  Actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's otherwise time-barred constitutional claims; the Supreme Court has not yet addressed whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief.  *Id.*

To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 316.  *Schlup* requires a petitioner 'to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.'"  *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 324).  "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial," *Calderon v Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324), although "the habeas court's analysis is not limited to such evidence."  *House v. Bell*, 547 U.S. 518, 537 (2006).  "*Schlup* pointed out three types of evidence that would pass the threshold of reliability: exculpatory scientific evidence, trustworthy eyewitness accounts and critical physical evidence."  *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (Kozinski, J., concurring) (citing *Schlup*, 513 U.S. at 324-28).  Actual innocence claims may not rest upon evidence that was available but not presented at trial.  *See Hubbard v. Pinchak*, 378 F.3d 333, 340 (3rd Cir. 2004) ("The only evidence that Hubbard asserts is 'new' is what he terms as 'his own sworn testimony . . . . A defendant's own late-proffered testimony is not 'new' because it was available at trial.").

Here, Petitioner argues that he is actually innocent, but he has not presented any evidence "show[ing] that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 316.  Therefore, Petitioner has not met the *Schlup* standard and this exception does not apply.

### III.   Conclusion

Petitioner filed his Petition for Writ of Habeas Corpus and his Amended Petition after the AEDPA limitations period expired.  Therefore, this proceeding is untimely. Petitioner has not established a basis to extend or avoid the statute of limitations. Accordingly, the Amended Petition should be denied as untimely and the Court does not consider Respondents' alternative grounds for denying habeas corpus relief.  (Doc. 13 at 9-17.)

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 8) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties shall have fourteen days within which to file responses to any objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of

the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 6th day of October, 2016.

*Bridget S. Bade*
United States Magistrate Judge

- 11 -