**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr., | No. CV-16-01427-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

Petitioner Frederick Angus Miller, Jr. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 8. On October 6, 2016, Magistrate Judge Bade issued a Report and Recommendation ("R&R") that the Petition be denied as untimely. Doc. 17 at 10. Petitioner objected to the R&R. Doc. 20. The Court will deny the objections and accept Judge Bade's recommendations in full.

**I.    Background.**

On January 26, 2010, Petitioner was charged in the Maricopa County Superior Court with kidnapping, a class two felony (Count One); aggravated assault, a class six felony (Count Two); seven counts of sexual assault, class two felonies (Counts Three through Nine); and robbery, a class four felony (Count Ten). Doc. 13, Ex. B. After a jury trial, Petitioner was found guilty on all counts. *Id.* On April 13, 2011, the trial court sentenced Petitioner to a total of 87.25 years' imprisonment. *Id.*

Petitioner filed a timely appeal to the Arizona Court of Appeals. Doc. 13-1 at 1-5 (Ex. A). On February 14, 2012, the appellate court affirmed Petitioner's conviction and

1  sentence. *Id.* Petitioner filed a motion for reconsideration, which the appellate court
2  denied on March 7, 2012. *Id.* at 10. Petitioner did not seek review in the Arizona
3  Supreme Court. *Id.* On April 12, 2012, Petitioner filed a notice of post-conviction relief
4  in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *Id.* at
5  21-23 (Ex. D). The trial court appointed counsel from the public defender's office, who
6  subsequently notified the court that, after a review of the record, she could not find any
7  colorable claims to raise in a petition. *Id.* at 7-8 (Ex. B), 25-26 (Ex. E). Petitioner
8  subsequently filed a pro se petition asserting claims of ineffective assistance of trial and
9  appellate counsel. *Id.* at 28-66 (Ex. F). On April 30, 2013, the trial court denied relief.
10 *Id.* at 7-8. Petitioner did not seek appellate review of the trial court's ruling. On
11 January 23, 2015, Petitioner filed a second notice of post-conviction relief. *Id.* at 68-96
12 (Ex. G). On March 4, 2015, the trial court dismissed the notice as untimely. *Id.* at 98-99
13 (Ex. H). Petitioner filed a petition for review in the Arizona Court of Appeals, which the
14 court dismissed as untimely on May 18, 2015. *Id.* at 101 (Ex. I).

15 On May 9, 2016, Petitioner filed a Petition for Writ of Habeas Corpus in this
16 Court. Doc. 1. Petitioner filed an Amended Petition on June 27, 2016. Doc. 8. The
17 Court referred the petition to Judge Bade. Doc. 9. On October 6, 2016, Judge Bade
18 issued an R&R recommending that the petition be denied as untimely, and thus
19 procedurally barred. Doc. 17.

20 **II.   Legal Standard.**

21 A party may file specific, written objections to an R&R within 14 days of being
22 served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254
23 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must
24 undertake a *de novo* review of those portions of the R&R to which specific objections are
25 made. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328
26 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in
27 part, the findings or recommendations made by the magistrate judge. Section 2254 Rules
28 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

### III. Analysis.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a 1-year statute of limitation for state prisoners to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct appeal was decided on February 14, 2012. Petitioner's motion for reconsideration was denied on March 7, 2012. Petitioner's window for requesting review from the Arizona Supreme Court closed 20 days later, and the statute of limitations started to run on March 28, 2012. *See* Ariz. R. Crim. P. 31.19(a) (an Arizona litigant must file a petition for review by the Arizona Supreme Court within 15 days of the appellate court's final disposition of a motion for reconsideration); Ariz. R. Crim. P. 1.3 (allowing an additional 5 days). The statute of limitations started running on March 28, 2012. Doc. 17 at 4-5.

The 1-year statute of limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On April 12, 2012, the Petitioner filed a notice of post-conviction relief, tolling the statute of limitations after 15 days. On April 30, 2013, the trial court dismissed the post-conviction proceeding and Petitioner did not appeal. Petitioner's window to seek review of the decision expired 35 days later, on June 4, 2013. *See* Ariz. R. Crim. P. 32.9 (providing 30 days to petition for review of a trial court's decision on a petition post-conviction relief); Ariz. R. Crim. P. 1.9 (allowing an additional 5 days). The limitations period started running again on June 5, 2013. Accounting for the 15 days already run, the statute of limitations expired 350 days later on May 21, 2014.[1] Petitioner filed his original petition for writ of habeas

---

[1] Petitioner filed a second notice of post-conviction relief in January 2015, which was denied as untimely by the Arizona Court of Appeals in May 2015. Judge Bade concluded that because this was petition untimely, it did not toll the limitations period. Doc. 17 at 6. Petitioner does not object to this conclusion.

- 3 -

corpus on May 9, 2016, nearly 2 years after expiration of the limitations period. Accordingly, the petition is untimely. 28 U.S.C. § 2244(d)(1).

Petitioner asserts that his petition should be considered despite its untimeliness under the "actual innocence exception" to the AEDPA statute of limitations recognized by the Supreme Court in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Doc. 20 at 1. In *McQuiggin*, the Supreme Court adopted the actual innocence gateway previously recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *McQuiggin*, 133 S. Ct. at 1928. To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 316. In the R&R, Judge Bade concluded that, while Petitioner argues he is innocent, he has presented no evidence that would meet the standard set forth in *Schlup*. Doc. 17 at 9.

In his objection, the only evidence presented by Petitioner is a sexual assault examination report completed by a forensic nurse examiner named Tiffany Kennedy (Doc. 20 at 3-12), and the trial testimony of Tiffany Kirby, who stated that she was the forensic nurse examiner who completed the report (*Id.* at 14-34). Petitioner argues Tiffany Kirby is not the one who completed the report and that she perjured herself by testifying that she was. *Id.* at 2, 36.

Petitioner makes no argument, however, as to why this "new" evidence, when considered alongside the evidence presented at trial, would establish his innocence. He has not shown that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *See McQuiggin*, 134 S. Ct. at 1936 (petitioner must present "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial'") (quoting *Schlup*, 513 U.S. at 316).

Because Petitioner has not presented sufficient evidence to establish actual innocence, he does not qualify for the equitable exception to the statute of limitations. The Court will accept the findings of Judge Bade and deny the petition as untimely and

procedurally barred.  Additionally, the Court will deny a Certificate of Appealability because the dismissal is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.  Nor has Petitioner made a substantial showing of the denial of a constitutional right.

**IT IS ORDERED:**

1. Judge Bade's R&R (Doc. 17) is **accepted.**

2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**, and a certificate of appealability is **denied**.

3. The Clerk is directed to terminate this action.

Dated this 2nd day of December, 2016.

_____
David G. Campbell
United States District Judge