**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr., | No. CV-16-01427-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Parties, et al., | |
| Respondents. | |

Petitioner Frederick Angus Miller, Jr. was convicted of kidnapping, aggravated assault, sexual assault, and robbery in Maricopa County Superior Court on December 8, 2010. Doc. 8 at 1; Doc. 13-1 at 7.[1] This is the second occasion this Court has reviewed the petition for writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. Doc. 8. On October 6, 2016, Magistrate Judge Bridget S. Bade issued a Report and Recommendation ("R&R") that the petition be denied as untimely filed. Doc. 17. This Court accepted the R&R and denied the petition on December 2, 2016. Doc. 21. The Ninth Circuit reversed and remanded for further proceedings. Doc. 33. On November 2, 2017, Judge Bade issued a second R&R that the petition be denied. Doc. 43. Petitioner filed objections (Doc. 44), and Respondents filed a response (Doc. 47). For the reasons stated below, the Court will accept the R&R and deny the Petition.

---

[1] Citations are to page numbers attached to the top of pages by the Court's electronic filing system, not to original numbers at the bottom of pages.

**I.      Legal Standard.**

The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court need not review any portion of the R&R to which there are no specific written objections. *Thomas*, 474 U.S. at 149-54; *Reyna-Tapia*, 328 F.3d at 1121.

**II.     Discussion.**

Judge Bade's 30-page R&R carefully considers each of the Petition's grounds for relief. *See* Doc. 43. Petitioner makes two arguments, but does not specifically object to the R&R's reasoning or findings. *See* Doc. 44.

**A.      First Argument.**

Judge Bade concluded that Petitioner has not established actual innocence to overcome the procedural bar to many of his claims. Doc. 43 at 19-20. To meet this exception, Petitioner must show – with new, reliable evidence – that "it is more likely than not that no reasonable juror would have convicted him in [the] light of the new evidence." *Id.* at 20 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The R&R concludes that Petitioner did not establish actual innocence:

> Petitioner asserts that he is innocent of the counts of conviction. However, Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice. Thus, he has not met *Schlup*'s high standard and this exception does not excuse the procedural bar to habeas corpus review of his claims.

Doc. 43 at 20 (internal citation omitted).

Petitioner does not object to these findings. *See* Doc. 44. Petitioner instead offers "new evidence" to establish his innocence. *Id.* at 2. Petitioner previously referenced this evidence in exhibits to his objection to the first R&R. Doc. 20 at 36. He also referenced

it in his motion for further review before the second R&R, but it is unclear whether he tied it to his actual innocence argument. *See* Doc. 37 at 3, 7-8.

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). A "district court must actually exercise its discretion" in making this judgment. *Id.* at 622. The Ninth Circuit has repeatedly found abuses of discretion where a district court summarily rejects a pro se petitioner's new argument without actually exercising its discretion. *E.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013) (pro se petitioner made "a novel claim in an unsettled area of law"); *Akhtar v. Mesa*, 698 F.3d 1202, 1209 (9th Cir. 2012) (pro se plaintiff was illiterate, disabled, and raising crucial facts in his objections); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002) (pro se petitioner was "functionally illiterate" and "making a relatively novel claim under a relatively new statute").

The Court exercises its discretion to consider the new evidence. *See* Doc. 44 at 2. In *Schlup*, the Supreme Court recognized the actual innocence gateway for excusing the bar of procedurally defaulted claims. 513 U.S. at 314-16. To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see also Gage v. Chappell*, 793 F.3d 1159, 1166-67 (9th Cir. 2015) (explaining *Schlup* and its continued applicability after enactment of the Antiterrorism and Effective Death Penalty Act of 1996).

The only evidence Petitioner presents in his objection is a sexual assault examination report completed by a forensic nurse examiner named Tiffany Kennedy (Doc. 44-1), and the trial testimony of Tiffany Kirby, who stated that she was the forensic nurse examiner who completed the report (Doc. 44-2 at 6-7). Petitioner argues that Ms. Kirby is not the one who completed the report and that she perjured herself by testifying that she was. Doc. 44 at 2. Petitioner further argues that Ms. Kennedy would have

testified that the victim's vaginal injuries were consistent with masturbation, not forcible rape. *Id.* Had the testimony of Ms. Kennedy been presented, Petitioner argues, it is more likely than not that no reasonable juror would have convicted him. *Id.*

This evidence does not satisfy the *Schlup* standard. Petitioner presents no evidence to support his assertion that Ms. Kennedy would have opined that the victim's injuries were due to masturbation. *See* Doc. 44. Nor does he substantiate his assertion that Ms. Kennedy would have testified differently than Ms. Kirby. *See id.* "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). What is more, Ms. Kennedy's report makes no mention of masturbation (Doc. 44-1), and Ms. Kirby testified that vaginal injuries occur in both consensual and nonconsensual sexual encounters (Doc. 44-2 at 3-4). The jury therefore considered testimony that the victim's vaginal injuries did not require a finding of forcible rape.

Petitioner has not shown that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See Schlup*, 513 U.S. at 316, 327. His first argument does not qualify for the equitable exception to the procedural bar.[2]

### B. Second Argument.

Petitioner asserts that the trial court violated his federal due process rights by admitting evidence of his probation status. Doc. 43 at 11. Judge Bade concluded that this claim was procedurally barred because Petitioner did not present it on direct appeal. *Id.* at 11-13. Petitioner makes no specific objection to Judge Bade's reasoning or finding

---

[2] Petitioner suggests that his trial and appellate counsel erred by failing to challenge Ms. Kirby's allegedly perjured testimony. Doc. 44 at 1-2. Petitioner did not include this claim in the Petition. Doc. 8 at 7 (alleging failure to object to Ms. Kirby's testimony and report on hearsay grounds). Even if the Court considers this as an additional claim, it fails. Petitioner's new evidence does not show the prejudice required for ineffective assistance of counsel. For reasons explained above, it creates no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

- 4 -

on this issue. *See* Doc. 44 at 3-4.[3] Because Petitioner has not identified any specific objections to this portion of the R&R, the Court will adopt it.

What is more, even if the Court considers Petitioner's argument, it fails. Assuming for brevity's sake that admitting evidence of his probation status was a due process violation (something not at all clear from the record), Petitioner cannot show that the violation was sufficiently prejudicial to warrant habeas relief. "[A] due process violation may provide the grounds for granting a habeas petition only if [it] is deemed prejudicial under the 'harmless error' test articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)." *Shaw v. Terhune*, 380 F.3d 473, 478 (9th Cir. 2004). Under *Brecht*, an error is harmless unless the Court concludes that it "had substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. at 637. Petitioner's trial included evidence of his prior felony conviction in Arizona. Doc. 43 at 12. It also included Defendant's own assertion that he was a drug dealer who had consensual sex with the victim in exchange for providing her drugs. *Id.* In such a trial setting, the Court cannot conclude that evidence that Petitioner was on probation had any substantial or injurious effect on the outcome of the trial.

**IT IS ORDERED:**

1. Judge Bade's R&R (Doc. 43) is **accepted**.
2. The petition for writ of habeas corpus (Doc. 8) is **denied**.
3. Respondents' motion to dismiss (Doc. 34) is **denied as moot**.
4. Petitioner's motion for further review (Doc. 37) is **granted** for reasons stated by Judge Bade.
5. Petitioner's motion for extension of time to file a reply (Doc. 48) is **denied**. The motion suggests that Petitioner has not received legal materials after December 13, 2017, but the last filing in this case before the motion was on November 22, 2017. Doc. 47. What is more, a reply is unnecessary

---

[3] To the extent Petitioner relies on *Schlup* to overcome this procedural bar, the Court finds that he has not established actual innocence. *See supra* Part II(A).

because Petitioner did not make any specific objections to the R&R, and the Court will not consider new arguments in a reply brief. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

6. Petitioner has also filed a motion suggesting that the place of his current incarceration is interfering with his access to court filings and otherwise mistreating him. Docs. 49, 51. The motion is **denied**. For reasons stated above, it does not identify any specific way in which the alleged interference has had a material effect on this proceeding. And his alleged mistreatment is not a matter that can be raised in this habeas petition.

7. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.

8. The Clerk is directed to **terminate** this action.

Dated this 5th day of March, 2018.

*David G. Campbell*
David G. Campbell
United States District Judge